United States District Court
Southern District of New York
_____

UNITED STATES OF AMERICA

      - against -                 06 Cr. 143 (JGK)

WILLIAM RIGMAIDEN,               <u>MEMORANDUM OPINION AND</u>
                                          <u>ORDER</u>
                     Defendant.
_____

JOHN G. KOELTL, District Judge:

     The defendant has submitted two motions.  The first seeks a two-point reduction to his guidelines sentencing range, while the second appears to seek assessment by the Bureau of Prisons for prerelease custody under 18 U.S.C. § 3624(c).

     The Court construes the defendant's first motion as a motion under 18 U.S.C. § 3582 to apply Amendment 706 to the Sentencing Guidelines, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c) to provide a two-level reduction in the base offense levels for crack cocaine offenses.  However, the defendant was convicted of a conspiracy to distribute and possess with intent to distribute marijuana; he was not convicted of any offenses relating to crack cocaine.  Amendment 706 has no effect on the guidelines applicable to marijuana offenses.

The defendant's first motion also refers to structural issues associated with prosecutorial discretion.  It does not, however, allege any flaws specific to the defendant's prosecution or sentence or identify any basis for recalculating his guidelines sentencing range or his actual sentence. Accordingly, the defendant has not presented any ground for reconsidering his sentence.

The defendant's second motion appears to seek application of 18 U.S.C. § 3624(c), which requires that the Bureau of Prisons "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."  This statute is left to the discretion of the Bureau of Prisons in the first instance.  See Rosenthal v. Killian, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009) ("Federal inmates who seek to challenge the conditions of their confinement must first utilize the Administrative Remedy Program ('Program') developed by the BOP."); see also 28 C.F.R. §§ 542.10-.19.  The defendant has not indicated whether he has exhausted his administrative remedies.  Moreover, he does not suggest in any way that the Bureau of Prisons has failed to

follow 18 U.S.C. § 3624 or the regulations promulgated

thereunder.  Accordingly, his motion is denied without

prejudice.

**SO ORDERED.**

Dated:     New York, New York
           June 12 , 2011

John G. Koeltl
United States District Judge